FILED

07 FEB 13 PM 2:38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

SECRET unsealed

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2006 Grand Jury 07 CR 0332 WQH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. _____ |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 286 - Conspiracy to Defraud the Government with Respect to Claims; |
| SALEH MAHMOUD ZAHRAN (1), aka Mahmoud Saleh Akel, MAYSA AHMAD HASON (2), aka Missa Ahmad Akel, aka Maysa Ahmad Zahran, aka Mausa Ahmad Abide, | Title 18, U.S.C., Sec. 287 - False, Fictitious, or Fraudulent Claims; Title 42, U.S.C., Sec. 408(a)(7)(A) - Use of a Social Security Number Obtained Based On False Information; |
| Defendants. | Title 42, U.S.C., Sec. 408(a)(8)- Fraudulent Use of the Social Security Number of Another Person; Title 18, U.S.C. Sec. 1028A - Aggravated Identity Theft; Title 18, U.S.C., Sec. 1001 - False Statements; Title 26, U.S.C., Sec. 7201 - Income Tax Evasion; Title 18, U.S.C., Sec. 2 - Aiding and Abetting |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

At all times pertinent to this indictment:

1.   The Internal Revenue Service ("IRS") is an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States.

TFS:jla(1):San Diego
2/13/07

2.    The Social Security Administration ("SSA") is an agency of the United States Department of Health and Human Services responsible for, among other things, administering and assigning Social Security Numbers ("SSNs").

3.    The United States Department of Health and Human Services is the federal agency that administers the federal Medicaid program.

4.    The California Department of Health Services is an agency that administers federal Medicaid funds under Medi-Cal, the California state health plan that provides health care services for qualifying low income and uninsured Californians.

5.    Defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON are married.

6.    On or about January 14, 1980, defendant SALEH MAHMOUD ZAHRAN made and caused to be filed with the SSA an Application for a Social Security Card (Form SS-5) for which he was issued a card under SSN xxx-xx-0761.

7.    On or about November 17, 1993, defendant MAYSA AHMAD HASON made and caused to be filed with the SSA an Application for a Social Security Card (Form SS-5) for which she was issued a card under SSN xxx-xx-7875.

8.    Defendant SALEH MAHMOUD ZAHRAN owns and operates a tax return preparation and bookkeeping business under the following two different names: Akel Business Services aka Silva Bookkeeping and Tax Services.

//
//
//
//

2

9.    The Earned Income Tax Credit ("EIC") is a refundable federal income tax credit that is only available to qualifying low-income taxpayers.  The EIC reduces the amount of federal income tax that a taxpayer may owe and, if the EIC exceeds the tax liability, the taxpayer may receive a refund from the United States Treasury.

10.    In order to qualify for the EIC, the taxpayer must have "earned income" including wages, salaries, tips, other employee compensation, or net earnings from self-employment.

11.    A taxpayer with a "qualifying child" may receive a larger EIC than a similarly situated taxpayer without a qualifying child. A qualifying child must reside in the United States and have the same principal place of abode as the taxpayer for more than one-half of such tax year.

12.    A Form 1040A is a simplified U.S. Individual Income Tax Return for wage earners.  A taxpayer cannot file a Form 1040A if the taxpayer received income from self-employment or income received as a partner in a partnership.

<u>Count 1</u>

<u>Conspiracy to Defraud the United States with Respect to Claims</u>
[18 U.S.C. § 286]

13.    Beginning on or about March 1993, and continuing until December 2004, within the Southern District of California, and elsewhere, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury to defraud the United States by obtaining, and aiding others to obtain, the payment and allowance of false, fictitious, and fraudulent claims against the United States.

3

## MANNER AND MEANS OF THE CONSPIRACY

In furtherance of this conspiracy and to effect the objects thereof, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON utilized the following manner and means among others:

14.  Defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON created alias or fictitious names for themselves and for their two minor children.

15.  Defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON filed fraudulent Applications For Social Security Numbers (Forms SS-5) for the alias or fictitious names in order to obtain SSNs for the alias or fictitious names for themselves and for their two minor children.

16.  Defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON opened up bank accounts in their alias or fictitious names and the corresponding fraudulently obtained SSNs, and bank accounts in the names of relatives who did not reside within the United States.

17.  Defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON filed U.S. Individual Income Tax Returns that contained fraudulent claims for income tax refunds based on EIC under the names and SSNs of false or fictitious individuals, and under the names of relatives and persons who did not reside in the United States.

18.  In order to make it appear that the taxpayer was eligible for EIC, defendant SALEH MAHMOUD ZAHRAN fabricated the existence, character, and amount of the income that the taxpayer purportedly earned for that year.  Defendant SALEH MAHMOUD ZAHRAN typically would attach a false, fictitious, and fraudulent information return (Form W-2 for payments to an employee, Form 1099 for payments to an independent contractor or non-employee, or Form K-1 for a distributive

//

4

1   share to a partner) to the income tax return in an attempt to
2   substantiate the existence, character, and amount of the income
3   reported.

4        19.   In the course of operating his tax return preparation
5   business, defendant SALEH MAHMOUD ZAHRAN was provided with the SSNs
6   for several of his clients' minor children. Without the consent,
7   knowledge or authorization of his clients, defendant SALEH MAHMOUD
8   ZAHRAN used SSNs for several of his clients' children to prepare and
9   file with the IRS several U.S. Individual Income Tax Returns claiming
10  fraudulent refunds.

11       20.   In order to make it appear that the taxpayer was eligible
12  for a larger amount of EIC, defendant SALEH MAHMOUD ZAHRAN
13  fraudulently listed qualifying children when defendant SALEH MAHMOUD
14  ZAHRAN knew the listed taxpayer had no such qualifying children.
15  Defendant SALEH MAHMOUD ZAHRAN typically listed the name and SSN of
16  one of the alias or fictitious names of his minor children, or the
17  name and SSN of one of his clients' minor children, as the qualifying
18  children on the false, fictitious, fraudulent and fraudulent income
19  tax returns.

20       21.   From on or about August 1999 through on or about April 15,
21  2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON prepared
22  and filed with the IRS at least 40 federal income tax returns,
23  claiming fraudulent refunds in excess of $88,836.00.

24       22.   Based on their 40 fraudulent federal income tax returns,
25  defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON obtained at
26  least 38 refund checks from the IRS totaling approximately $81,017.00.
27  //
28  //

5

23.   Defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON endorsed and deposited the refund checks into numerous bank accounts including those held in alias or fictitious names and bank accounts in the names of relatives who did not reside within the United States.

<u>OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY</u>

In furtherance of this conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

(1)   On or about March 19, 1993, defendant SALEH MAHMOUD ZAHRAN opened Wells Fargo Bank Account xxxx-xxx639, a checking account in the names of defendant SALEH M. ZAHRAN and his mother, Zinab Akel.

(2)   On or about December 27, 1993, defendant MAYSA AHMAD HASON made and caused to be filed with the SSA a false Application for a Social Security Card (Form SS-5) in the alias name of Mausa Ahmad Abide for which she was issued a card under SSN xxx-xx-5184.

(3)   On or about February 24, 1994, defendant MAYSA AHMAD HASON made and caused to be filed with the SSA a false Application for a Social Security Card (Form SS-5) in the alias name of Maysa Ahmad Zahran for which she was issued a card under SSN xxx-xx-4844.

(4)   On or about September 12, 1995, defendant MAYSA AHMAD HASON made and caused to be filed with the SSA a false Application for a Social Security Card (Form SS-5) in the alias name of Missa Ahmad Akel for which she was issued a card under SSN xxx-xx-3600.

//

(5)  On or about September 12, 1995, defendant SALEH MAHMOUD ZAHRAN made and caused to be filed with the SSA a false Application for a Social Security Card (Form SS-5) in the alias name of Mahmoud Saleh Akel for which he was issued a card number under SSN xxx-xx-2725.

(6)  On or about August 22, 1996, defendant SALEH MAHMOUD ZAHRAN opened Bank of America checking account number xxxxx-xx277 in the name of Mahmoud Saleh Akel, dba Silva Bookkeeping and Tax Services.

(7)  Prior to January 1997, defendant MAYSA AHMAD HASON opened Wells Fargo Bank Account xxxx-xxx629, a checking account in the name of Mausa Ahmad Abide.

(8)  Prior to January 1997, defendant MAYSA AHMAD HASON opened Wells Fargo Bank Account xxxx-xxx135, a savings account in the name of Mausa Ahmad Abide.

(9)  Prior to January 1997 defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON opened Bank of America Account xxxxx-xxx613, a checking account in the names of Mahmud Akel and Missa Ahmad Akel.

(10) Prior to January 1997, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON opened Bank of America Account xxxxx-xxx141, a savings account in the names of Mahmud Akel and Missa Ahmad Akel.

//
//
//
//

(11)  On or about February 13, 1997, defendant SALEH MAHMOUD ZAHRAN made and caused to be filed with the SSA a false Application for a Social Security Card (Form SS-5) in the name of Dania Mahmoud Akel for which a card was issued under SSN xxx-xx-4882.

(12)  Or about September 10, 1999, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON opened Bank of America Account xxxxx-xx142, a checking account in the names of Mahmoud Saleh Akel and Missa Akel.

(13)  On or about August 24, 1999, defendant SALEH MAHMOUD ZAHRAN made and caused to be filed with the SSA a false Application for a Social Security Card (Form SS-5) in the name of Mohammed Saleh Akel for which a card was issued under SSN xxx-xx-2729.

(14)  On or about September 29, 1999, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON made and caused to be filed with the IRS a false, fictitious, and fraudulent 1996 U.S. Individual Income Tax Return (Form 1040) in the names of Saleh Zahran and Maysa Hason, containing a false, fictitious refund claim of $2,284.00.

(15)  On or about November 15, 1999, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON endorsed and deposited into Bank of America Account xxxx-xxx862 under the name Maysa A. Hason, a United States Treasury income tax refund check in the names of Saleh Zahran and Maysa Hason in the amount of $2,284.00.

//

(16) On or about January 15, 2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON made and caused to be filed with the IRS a false, fictitious, and fraudulent 1998 U.S. Individual Income Tax Return (Form 1040) in the name of Suad Akel containing a false, fictitious refund claim of $2,252.00.

(17) On or about February 6, 2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON made and caused to be filed with the IRS a false, fictitious, and fraudulent 1998 U.S. Individual Income Tax Return (Form 1040) in the name of Aziz Ebeid containing a false, fictitious refund claim of $2,166.00.

(18) On or about April 15, 2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON made and caused to be filed with the IRS a false, fictitious, and fraudulent 2001 U.S. Individual Income Tax Return (Form 1040) in the name of Aziz Ebeid containing a false, fictitious refund claim of $2,464.00.

(19) On or about April 15, 2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON made and caused to be filed with the IRS a false, fictitious, and fraudulent 2001 U.S. Individual Income Tax Return (Form 1040) in the name of Suad Akel containing a false, fictitious refund claim of $2,458.00.

//
//
//
//

(20) On or about April 15, 2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON made and caused to be filed with the IRS a false, fictitious, and fraudulent 2001 U.S. Individual Income Tax Return (Form 1040) in the name of Zeinb Akel, containing a false, fictitious refund claim of $2,464.00.

(21) On or about January 16, 2002, defendant MAYSA AHMAD HASON opened Bank of America checking account number xxxxx-xx373 in the name of Missa Ahmad Akel.

(22) On or about April 15, 2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON made and caused to be filed with the IRS a false, fictitious, and fraudulent 2001 U.S. Individual Income Tax Return (Form 1040) in the name of Maysa Zahran containing a false, fictitious refund claim of $2,437.00.

(23) On or about April 15, 2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON made and caused to be filed with the IRS a false, fictitious, and fraudulent 2001 U.S. Individual Income Tax Return (Form 1040) in the name of Missa Akel containing a false, fictitious refund claim of $2,464.00.

(24) On or about May 13, 2002, defendant MAYSA AHMAD HASON endorsed and deposited into Bank of America Account xxxx-xxx373 under the name Missa Ahmad Akel, a United States Treasury income tax refund check in the name of Maysa Zahran in the amount of $2,437.00.

//
//

10

1        (25) On or about May 24, 2002, defendants SALEH MAHMOUD

2           ZAHRAN and MAYSA AHMAD HASON made and caused to be

3           filed with the IRS a false, fictitious, and fraudulent

4           2001 U.S. Individual Income Tax Return (Form 1040) in

5           the name of Mahmoud Akel, containing a false,

6           fictitious refund claim of $2,456.00.

7  All in violation of Title 18, United States Code, Section 286.

8                       Counts 2-7

9           False, Fictitious, or Fraudulent Claims
                      [18 U.S.C. §§ 287, 2]

10

11    24.  The Introductory Allegations contained at paragraphs 1 to

12  12 above are hereby realleged and restated.

13    25.  On or about the dates set forth below, within the Southern

14  District of California, defendants SALEH MAHMOUD ZAHRAN and MAYSA

15  AHMAD HASON, did make and present, and cause to be made and presented,

16  to the IRS, claims upon and against the United States, knowing such

17  claims to be false, fictitious, and fraudulent.

| COUNT | DATE FILED (ON OR ABOUT) | TAX YEAR | NAME OF TAXPAYER | AMOUNT CLAIMED |
|---|---|---|---|---|
| 2 | 02/06/02 | 1998 | Aziz Ebeid | $2,166.00 |
| 3 | 04/15/02 | 2001 | Aziz Ebeid | $2,464.00 |
| 4 | 04/15/02 | 2001 | Suad Akel | $2,458.00 |
| 5 | 04/15/02 | 2001 | Mausa Abide | $3,076.00 |
| 6 | 04/15/02 | 2001 | Maysa Zahran | $2,437.00 |
| 7 | 04/15/02 | 2001 | Missa Akel | $2,464.00 |

25  All in violation of Title 18, United States Code, Sections 287 and 2.

26  //

27  //

28  //

<div align="center">

### Count 8

</div>

<u>Use of a Social Security Number Obtained Based On False Information</u>
<div align="center">

[42 U.S.C. § 408(a)(7)(A)]

</div>

26.  The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

27.  On or about May 24, 2002, within the Southern District of California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, for the purpose of obtaining something of value and for other purposes, did knowingly, willfully, and with intent to deceive use SSN XXX-XX-2725 which was obtained on the basis of false information furnished to the Commissioner of Social Security in that, in an application to the Commissioner of Social Security for a Social Security Card, defendant SALEH MAHMOUD ZAHRAN using alias "Mahmoud S. Akel," had falsely represented his name, his citizenship and his date of birth, omitted the other names that he used, and omitted that he had previously received a SSN, and defendants SALEH MAHMOUD ZAHRAN, and MAYSA AHMAD HASON, subsequently used SSN XXX-XX-2725 on a 2001 U.S. Individual Income Tax Return (Form 1040) to obtain a tax refund; all in violation of Title 42, United States Code, Section 408(a)(7)(A) and Title 18, United States Code, Section 2.

<div align="center">

### Count 9

</div>

<u>Use of a Social Security Number Obtained Based On False Information</u>
<div align="center">

[42 U.S.C. § 408(a)(7)(A)]

</div>

28.  The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

29.  On or about April 15, 2002, within the Southern District of California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, for the purpose of obtaining something of value and for other

<div align="center">

12

</div>

1  purposes, did knowingly, willfully, and with intent to deceive use SSN

2  XXX-XX-3600 which was obtained on the basis of false information

3  furnished to the Commissioner of Social Security; in that, in an

4  application to the Commissioner of Social Security for a Social

5  Security Card, defendant MAYSA AHMAD HASON using alias "Missa Ahmad

6  Akel," had falsely represented her name, omitted the other names that

7  she used, and falsely denied that she had previously received a SSN,

8  and defendants SALEH MAHMOUD ZAHRAN, aka Mahmoud Saleh Akel, and MAYSA

9  AHMAD HASON, aka Missa Ahmad Akel, aka Maysa Ahmad Zahran, aka Mausa

10 Ahmad Abide, subsequently used SSN XXX-XX-3600 on a 2001 U.S.

11 Individual Income Tax Return (Form 1040) to obtain a tax refund; all

12 in violation of Title 42, United States Code, Section 408(a)(7)(A) and

13 Title 18, United States Code, Section 2.

14                                  Count 10

15 Use of a Social Security Number Obtained Based On False Information

                          [42 U.S.C. § 408(a)(7)(A)]
16

17     30.  The Introductory Allegations contained at paragraphs 1 to

18 12 above are hereby realleged and restated.

19     31.  On or about April 15, 2002, within the Southern District of

20 California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, for

21 the purpose of obtaining something of value and for other purposes,

22 did knowingly, willfully, and with intent to deceive use SSN

23 XXX-XX-4844 which was obtained on the basis of false information

24 furnished to the Commissioner of Social Security, in that, in an

25 application to the Commissioner of Social Security for a Social

26 Security Card, defendant MAYSA AHMAD HASON, using alias "Maysa Ahmad

27 Zahran," had omitted the other names that she used, and falsely denied

28 that she had previously received a SSN, and defendants SALEH MAHMOUD

                                    13

1   ZAHRAN and MAYSA AHMAD HASON subsequently used SSN XXX-XX-4844 on a

2   2001 U.S. Individual Income Tax Return (Form 1040) to obtain a

3   tax refund; all in violation of Title 42, United States Code,

4   Section 408(a)(7)(A) and Title 18, United States Code, Section 2.

5                              Count 11

6   Use of a Social Security Number Obtained Based On False Information
                       [42 U.S.C. § 408(a)(7)(A)]
7

8       32.  The Introductory Allegations contained at paragraphs 1 to

9   12 above are hereby realleged and restated.

10      33.  On or about April 15, 2002, within the Southern District of

11  California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, for

12  the purpose of obtaining something of value and for other purposes,

13  did knowingly, willfully, and with intent to deceive use SSN

14  XXX-XX-5184 which was obtained on the basis of false information

15  furnished to the Commissioner of Social Security, in that, in an

16  application to the Commissioner of Social Security for a Social

17  Security Card, defendant MAYSA AHMAD HASON using alias "Mausa Ahmad

18  Abide," had falsely represented her name, falsely represented her date

19  of birth, omitted the other names that she used, and falsely denied

20  that she had previously received a SSN, and defendants SALEH MAHMOUD

21  ZAHRAN and MAYSA AHMAD HASON, subsequently used SSN XXX-XX-5184 on

22  a 2001 U.S. Individual Income Tax Return (Form 1040) to obtain a

23  tax refund; all in violation of Title 42, United States Code,

24  Section 408(a)(7)(A) and Title 18, United States Code, Section 2.

25  //

26  //

27  //

28  //

                                14

## Count 12

Use of a Social Security Number Obtained Based On False Information
[42 U.S.C. § 408(a)(7)(A)]

34.   The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

35.   On or about May 24, 2002, within the Southern District of California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, for the purpose of obtaining something of value and for other purposes, did knowingly, willfully, and with intent to deceive, use SSN XXX-XX-4882, assigned to the name "Dania Mahmoud Akel" by the Commissioner of Social Security, having obtained said SSN on the basis of false information furnished to the Commissioner of Social Security, in that, in an application to the Commissioner of Social Security for a Social Security Card, defendant SALEH MAHMOUD ZAHRAN, had falsely represented the names of the parents of Dania Mahmoud Akel, and falsely denied that anyone had previously filed for or received a SSN on behalf of Dania Mahmoud Akel, and defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, subsequently used SSN XXX-XX-4882 on a 2001 U.S. Individual Income Tax Return (Form 1040) to obtain a tax refund; all in violation of Title 42, United States Code, Section 408(a)(7)(A) and Title 18, United States Code, Section 2.

## Count 13

Use of a Social Security Number Obtained Based On False Information
[42 U.S.C. § 408(a)(7)(A)]

36.   The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

//

//

37.   On or about April 15, 2002, within the Southern District of California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, for the purpose of obtaining something of value and for other purposes, did knowingly, willfully, and with intent to deceive, use SSN XXX-XX-2729, assigned to the name "Mohammed Saleh Akel" by the Commissioner of Social Security, having obtained said SSN on the basis of false information furnished to the Commissioner of Social Security, in that, in an application to the Commissioner of Social Security for a Social Security Card, defendant SALEH MAHMOUD ZAHRAN, had falsely represented the names of the parents of Mohammed Saleh Akel, and falsely denied that anyone had previously filed for or received a SSN on behalf of Mohammed Saleh Akel, and defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, subsequently used SSN XXX-XX-2729 on a 2001 U.S. Individual Income Tax Return (Form 1040) to obtain a tax refund; all in violation of Title 42, United States Code, Section 408(a)(7)(A) and Title 18, United States Code, Section 2.

<div align="center">Count 14</div>

<div align="center">Fraudulent Use of the Social Security Number of Another Person
[42 U.S.C. § 408(a)(8)]]</div>

38.   The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

39.   On or about April 15, 2002, within the Southern District of California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, unlawfully and with intent to deceive, and with intent to obtain a thing of value, did knowingly disclose and use the SSN of another person, to wit: SSN XXX-XX-9893, assigned to M. J., a female juvenile, to conspire and file a false, fictitious, and fraudulent claim for refund on a 2001 U.S. Individual Income Tax Return (Form 1040) filed

1   under the name "Missa Akel," in violation of the laws of the United
2   States, to wit: Title 18, United States Code, Sections 286 and 287;
3   all in violation of Title 42, United States Code, Section 408(a)(8)
4   and Title 18, United States Code, Section 2.

5                                   Count 15

6   Fraudulent Use of the Social Security Number of Another Person
                          [42 U.S.C. § 408(a)(8)]
7

8       40.   The Introductory Allegations contained at paragraphs 1 to
9   12 above are hereby realleged and restated.

10      41.   On or about April 15, 2002, within the Southern District of
11  California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON,
12  unlawfully and with intent to deceive, and with intent to obtain a
13  thing of value, did knowingly disclose and use the SSN of another
14  person, to wit: SSN XXX-XX-0924, assigned to T. J., a female juvenile,
15  to conspire and file a false, fictitious, and fraudulent claim for
16  refund on a 2001 U.S. Individual Income Tax Return (Form 1040) filed
17  under the name "Missa Akel," in violation of the laws of the United
18  States, to wit: Title 18, United States Code, Sections 286 and 287;
19  all in violation of Title 42, United States Code, Section 408(a)(8)
20  and Title 18, United States Code, Section 2.

21                                  Count 16

22  Fraudulent Use of the Social Security Number of Another Person
                          [42 U.S.C. § 408(a)(8)]
23

24      42.   The Introductory Allegations contained at paragraphs 1 to
25  12 above are hereby realleged and restated.

26      43.   On or about April 15, 2002, within the Southern District of
27  California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON,
28  unlawfully and with intent to deceive, and with intent to obtain a

1  thing of value, did knowingly disclose and use the SSN of another

2  person, to wit: SSN XXX-XX-1097, assigned to A. D., a female juvenile,

3  to conspire and file a false, fictitious, and fraudulent claim for

4  refund  on a 2001 U.S. Individual Income Tax Return (Form 1040) filed

5  under the name "Mausa Abide" in violation of the laws of the United

6  States, to wit: Title 18, United States Code, Sections 286 and 287;

7  all in violation of Title 42, United States Code, Section 408(a)(8)

8  and Title 18, United States Code, Section 2.

9                              Count 17

10       Fraudulent Use of the Social Security Number of Another Person
                         [42 U.S.C. § 408(a)(8)]
11

12       44.  The Introductory Allegations contained at paragraphs 1 to

13  12 above are hereby realleged and restated.

14       45.  On or about April 15, 2002, within the Southern District of

15  California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON,

16  unlawfully and with intent to deceive, and with intent to obtain a

17  thing of value, did knowingly disclose and use the SSN of another

18  person, to wit: SSN XXX-XX-2267, assigned to E. S., a male juvenile,

19  to conspire and file a false, fictitious, and fraudulent claim for

20  refund on a 2001 U.S. Individual Income Tax Return (Form 1040) filed

21  under the name "Aziz Ebeid" in violation of the laws of the United

22  States, to wit: Title 18, United States Code, Sections 286 and 287;

23  all in violation of Title 42, United States Code, Section 408(a)(8)

24  and Title 18, United States Code, Section 2.

25  //

26  //

27  //

28  //

Count 18

Aggravated Identity Theft
[18 U.S.C. § 1028A]

46.   The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

47.   On or about April 15, 2002, within the Southern District of California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, during and in relation to the felony offense of fraudulently using the SSN of another person in violation of Title 42, United States Code, Section 408(a)(8), knowingly used, without lawful authority, a means of identification of another person, to wit: the name and SSN XXX-XX-9893, assigned to M. J., a
female juvenile; all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

Count 19

Aggravated Identity Theft
[18 U.S.C. § 1028A]

48.   The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

49.   On or about April 15, 2002, within the Southern District of California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, during and in relation to the felony offense of fraudulently using the SSN of another person in violation of Title 42, United States Code, Section 408(a)(8), knowingly used, without lawful authority, a means of identification of another person, to wit: the name and SSN XXX-XX-0924, assigned to T. J., a female juvenile; all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

//

1

2

3

<center>Count 20</center>

<center>Aggravated Identity Theft
[18 U.S.C. § 1028A]</center>

4   50.   The Introductory Allegations contained at paragraphs 1 to

5   12 above are hereby realleged and restated.

6   51.   On or about April 15, 2002, within the Southern District of

7   California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON,

8   during and in relation to the felony offense of fraudulently using the

9   SSN of another person in violation of Title 42, United States Code,

10  Section 408(a)(8), knowingly used, without lawful authority, a

11  means of identification of another person, to wit: the name and

12  SSN XXX-XX-1097, assigned to A. D., a female juvenile; all in

13  violation of Title 18, United States Code, Sections 1028A(a)(1)

14  and 2.

15

<center>Count 21</center>

16

<center>Aggravated Identity Theft
[18 U.S.C. § 1028A]</center>

17

18  52.   The Introductory Allegations contained at paragraphs 1 to

19  12 above are hereby realleged and restated.

20  53.   On or about April 15, 2002, within the Southern District of

21  California, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON,

22  during and in relation to the felony offense of fraudulently using the

23  SSN of another person in violation of Title 42, United States Code,

24  Section 408(a)(8), knowingly used, without lawful authority, a means

25  of identification of another person, to wit: the name and SSN

26  XXX-XX-2267, assigned to E. S., a male juvenile; all in violation of

27  Title 18, United States Code, Sections 1028A(a)(1) and 2.

28  //

<center>20</center>

1

## Count 22

2

### FALSE STATEMENTS -- 2002
[18 U.S.C. § 1001]

3

4      54.   The Introductory Allegations contained at paragraphs 1 to

5 12 above are hereby realleged and restated.

6      55.   On or about March 20, 2002, within the Southern District of

7 California and elsewhere, defendants SALEH MAHMOUD ZAHRAN and MAYSA

8 AHMAD HASON, in a matter within the jurisdiction of the United States

9 Department of Health and Human Services, did knowingly and willfully

10 make false, fictitious, and fraudulent statements and representations

11 as to a material fact in that they did represent and state on a

12 Statement of Facts For Cash Aid, Food Stamps, and Medi-Cal/State-Run

13 County Medical Services Program that: (1) defendant SALEH MAHMOUD

14 ZAHRAN, earned wages of $472.50 that were paid by Silva Bookkeeping

15 on a semi-monthly basis, (2) defendants SALEH MAHMOUD ZAHRAN and MAYSA

16 AHMAD HASON, had two bank accounts with a cumulative current value of

17 $2,037.01 (as of May 20, 2002), and (3) defendants SALEH MAHMOUD

18 ZAHRAN and MAYSA AHMAD HASON, did not own any real estate, whereas

19 in truth and fact, as defendants then and there well knew,

20 these statements and representations were false, fictitious, and

21 fraudulent when made; all in violation of Title 18, United States

22 Code, Sections 1001 and 2.

23 //

24 //

25 //

26 //

27 //

28 //

1

## Count 23

2

### FALSE STATEMENTS -- 2003
[18 U.S.C. §§ 1001]

3

4     56.  The Introductory Allegations contained at paragraphs 1 to

5  12 above are hereby realleged and restated.

6     57.  On or about March 29, 2003, within the Southern District of

7  California and elsewhere, defendants SALEH MAHMOUD ZAHRAN and MAYSA

8  AHMAD HASON, in a matter within the jurisdiction of the United States

9  Department of Health and Human Services, did knowingly and willfully

10  make false, fictitious, and fraudulent statements and representations

11  as to a material fact in that they did represent and state on a Medi-

12  Cal Annual Redetermination that: (1)  defendants SALEH MAHMOUD ZAHRAN

13  and MAYSA AHMAD HASON, were not self employed and received gross

14  monthly earnings of $1,800.00 from Akel Business, (2) defendants SALEH

15  MAHMOUD ZAHRAN and MAYSA AHMAD HASON, had two bank accounts with a

16  cumulative current value of $1,652.06 (as of March 29, 2003), and

17  (3) defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, did not own

18  any real property, whereas in truth and fact, as defendants then and

19  there well knew, these statements and representations were false,

20  fictitious, and fraudulent when made; all in violation of Title 18,

21  United States Code, Sections 1001 and 2.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1

## Count 24

## FALSE STATEMENTS -- 2004
### [18 U.S.C. §§ 1001]

58.  The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

59.  On or about March 29, 2003, within the Southern District of California and elsewhere, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, in a matter within the jurisdiction of the United States Department of Health and Human Services, did knowingly and willfully make false, fictitious, and fraudulent statements and representations as to a material fact in that they did represent and state on a Medi-Cal Annual Redetermination that: (1)  defendants SALEH MAHMOUD ZAHRAN received gross monthly earnings of $1,440.00 from Silva Bookkeeping, (2) defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON had one bank account with a current value of $1,646.42 (as of February 20, 2004), and (3) defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON did not own any real property, whereas in truth and fact, as defendants then and there well knew, these statements and representations were false, fictitious, and fraudulent when made; in violation of Title 18, United States Code, Sections 1001 and 2.

## Count 25

## INCOME TAX EVASION - 1997
### [26 U.S.C. § 7201]

60.  The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

61.  On or about April 15, 1998, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, well-knowing and believing that they had taxable income and a tax due and owing for the calendar year 1997,

within the Southern District of California and elsewhere, did willfully attempt to evade and defeat this income tax due and owing by them to the United States by committing the following affirmative acts of evasion, among others, the likely effect of each of which would be to mislead or conceal their true and correct income and tax due thereon from proper officers of the United States:

a.   On numerous occasions during 1997, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, caused gross receipts of Akel Business Services and Silva Bookkeeping and Tax Service to be deposited into bank accounts held in alias and fictitious names under fraudulently obtained SSNs. These bank accounts, among others, include the following:

(1)   Wells Fargo Bank Account xxxx-xxx629, a checking account in the name of Mausa Ahmad Abide.

(2)   Wells Fargo Bank Account xxxx-xxx135, a savings account in the name of Mausa Ahmad Abide.

(3)   Bank of America Account xxxxx-xxx613, a checking account in the names of Mahmoud Akel and Missa Ahmad Akel.

(4)   Bank of America Account xxxxx-xx277, a checking account in the name of Mahmoud Saleh Akel dba Silva Bookkeeping and Tax Services.

(5)   Bank of America Account xxxxx-xx862, a checking account in the name of Maysa A. Hason.

b.   On or about December 14, 2000, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON filed a 1997 U.S. Individual Income Tax Return (Form 1040) that substantially understated their taxable income and tax due for the year 1997.

//

24

1          c.    On or about November 7, 2001, defendant SALEH MAHMOUD

2   ZAHRAN provided false statements to IRS special agents when he denied

3   any ownership of Akel Business Services.

4          d.    On or about March 4, 2004, defendant SALEH MAHMOUD

5   ZAHRAN provided false statements to IRS special agents when he stated

6   that Missa Akel, who was then listed as the sole owner of his

7   residence, was a cousin who resides in Israel.

8   All in violation of Title 26, United States Code, Section 7201, and

9   Title 18, United States Code, Section 2.

10                                  Count 26

11                    INCOME TAX EVASION - 1998
                          [26 U.S.C. § 7201]

12

13     62.  The Introductory Allegations contained at paragraphs 1 to

14   12 above are hereby realleged and restated.

15     63.  On or about April 15, 1999, defendants SALEH MAHMOUD ZAHRAN

16   and MAYSA AHMAD HASON, well-knowing and believing that they had

17   taxable income and a tax due and owing for the calendar year 1998,

18   within the Southern District of California and elsewhere, did

19   willfully attempt to evade and defeat this income tax due and owing

20   by them to the United States by committing the following affirmative

21   acts of evasion, among others, the likely effect of each of which

22   would be to mislead or conceal their true and correct income and tax

23   due thereon from proper officers of the United States:

24          a.    On numerous occasions during 1998, defendants SALEH

25   MAHMOUD ZAHRAN and MAYSA AHMAD HASON caused gross receipts of Akel

26   Business Services aka Silva Bookkeeping and Tax Service to be

27   //

28   //

deposited into numerous bank accounts held in alias and fictitious names under fraudulently obtained SSNs.  These bank accounts, among others, include the following:

(1)   Wells Fargo Bank Account xxxx-xxx629, a checking account in the name of Mausa Ahmad Abide.

(2)   Wells Fargo Bank Account xxxx-xxx639, a checking account in the names of defendant SALEH MAHMOUD ZAHRAN and his mother, Zinab Akel.

(3)   Bank of America Account xxxxx-xx277, a checking account in the name of Mahmoud Saleh Akel dba Silva Bookkeeping and Tax Services.

(4)   Wells Fargo Bank Account xxxx-xxx547, a checking account in the names of Saleh M. Zahran and Maysa A. Zahran.

b.   On or about November 7, 2001, defendant SALEH MAHMOUD ZAHRAN provided false statements to IRS special agents when he denied any ownership of Akel Business Services.

c.   On or about January 8, 2002, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON filed a 1998 U.S. Individual Income Tax Return (Form 1040) that substantially understated their taxable income, and tax due for the year 1998.

d.   On or about March 4, 2004, defendant SALEH MAHMOUD ZAHRAN provided false statements to IRS special agents when he stated that Missa Akel, who was then listed as the sole owner of his residence, was a cousin who resides in Israel.

All in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

//

Count 27

INCOME TAX EVASION - 2000
[26 U.S.C. § 7201]

64.  The Introductory Allegations contained at paragraphs 1 to 12 above are hereby realleged and restated.

65.  On or about April 17, 2001, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON, well-knowing and believing that they had taxable income and a tax due and owing for the calendar year 2000, within the Southern District of California and elsewhere, did willfully attempt to evade and defeat this income tax due and owing by them to the United States by committing the following affirmative acts of evasion, among others, the likely effect of each of which would be to mislead or conceal their true and correct income and tax due thereon from proper officers of the United States:

a.  On numerous occasions during 2000, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON caused gross receipts of Akel Business Services aka Silva Bookkeeping and Tax Service and income tax refunds to be deposited into numerous bank accounts held in alias and fictitious names under fraudulently obtained SSNs.  These bank accounts, among others, include the following:

(1)  Wells Fargo Bank Account xxxx-xxx613, a checking account in the names of Mahmud Saleh Akel and Missa Ahmad Akel.

(2)  Wells Fargo Bank Account xxxx-xxx629, a checking account in the name of Mausa Ahmad Abide.

(3)  Wells Fargo Bank Account xxxx-xxx639, a checking account in the names of defendant SALEH MAHMOUD ZAHRAN and his mother, Zinab Akel.

//

1               (4)   Bank of America Account xxxxx-xx277, a checking

2 account in the name of Mahmoud Saleh Akel dba Silva Bookkeeping and

3 Tax Services.

4            b.   On or about April 15, 2001, defendants SALEH MAHMOUD

5 ZAHRAN and MAYSA AHMAD HASON e-filed a 2000 false U.S. Individual

6 Income Tax Return (Form 1040A) that mischaracterized their business

7 income as wages, and substantially understated the amount of their

8 taxable income, and tax due for the year 2000.

9            c.   On or about November 7, 2001, defendant SALEH MAHMOUD

10 ZAHRAN provided false statements to IRS special agents when he denied

11 any ownership of Akel Business Services.

12           d.   On or about March 4, 2004, defendant SALEH MAHMOUD

13 ZAHRAN provided false statements to IRS special agents when he stated

14 that Missa Akel, who was then listed as the sole owner of his

15 residence, was a cousin who resides in Israel.

16 All in violation of Title 26, United States Code, Section 7201, and

17 Title 18, United States Code, Section 2.

18 <div align="center">Count 28</div>

19 <div align="center">INCOME TAX EVASION - 2001</div>
<div align="center">[26 U.S.C. § 7201]</div>

20

21   66.   The Introductory Allegations contained at paragraphs 1 to

22 12 above are hereby realleged and restated.

23   67.   On or about April 16, 2002, defendants SALEH MAHMOUD ZAHRAN

24 and MAYSA AHMAD HASON, well-knowing and believing that they had

25 taxable income and a tax due and owing for the calendar year 2001,

26 within the Southern District of California and elsewhere, did

27 willfully attempt to evade and defeat this income tax due and owing

28 by them to the United States by committing the following affirmative

<div align="center">28</div>

acts of evasion, among others, the likely effect of each of which would be to mislead or conceal their true and correct income and tax due thereon from proper officers of the United States:

a. On numerous occasions during 2001, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON caused gross receipts of Akel Business Services aka Silva Bookkeeping and Tax Service and income tax refunds to be deposited into numerous bank accounts held in alias and fictitious names under fraudulently obtained SSNs. These bank accounts, among others, include the following:

(1) Wells Fargo Bank Account xxxx-xxx613, a checking account in the names of Mahmud Saleh Akel and Missa Ahmad Akel.

(2) Wells Fargo Bank Account xxxx-xxx629, a checking account in the name of Mausa Ahmad Abide.

(3) Bank of America Account xxxxx-xx277, a checking account in the name of Mahmoud Saleh Akel dba Silva Bookkeeping and Tax Services.

(4) Bank of America Account xxxxx-xx518, a checking account in the names of defendant SALEH MAHMOUD ZAHRAN's sister, Suad Mahmoud Akel, and an alias for his mother, Zeinb Akel.

(5) Bank of America Account xxxxx-xx142, a checking account in the names of Mahmoud Saleh Akel and Missa Akel.

b. On or about September 17, 2001, defendants SALEH MAHMOUD ZAHRAN and MAYSA AHMAD HASON purchased vacant land at 7991 Morocco Drive in La Mesa, California for $125,000 and placed title to the real property in the name "Missa Ahmad Akel, a single woman."

c. On or about November 7, 2001, defendant SALEH MAHMOUD ZAHRAN provided false statements to IRS special agents when he denied any ownership of Akel Business Services.

1        d.   On or about April 15, 2002, defendants SALEH MAHMOUD

2 ZAHRAN and MAYSA AHMAD HASON e-filed a 2001 U.S. Individual Income Tax

3 Return (Form 1040A) that misrepresented the character of their income

4 and substantially understated the amount of their taxable income and

5 tax due for the year 2001.

6        e.   On or about March 4, 2004, defendant SALEH MAHMOUD

7 ZAHRAN provided false statements to IRS special agents when he stated

8 that Missa Akel, who was then listed as the sole owner of his

9 residence, was a cousin who resides in Israel.

10 All in violation of Title 26, United States Code, Section 7201, and

11 Title 18, United States Code, Section 2.

12 <center>Count 29</center>

13 <center>INCOME TAX EVASION - 2002<br/>[26 U.S.C. § 7201]</center>

14

15   68.  The Introductory Allegations contained at paragraphs 1 to

16 12 above are hereby realleged and restated.

17   69.  On or about April 15, 2003, defendants SALEH MAHMOUD ZAHRAN

18 and MAYSA AHMAD HASON, well-knowing and believing that they had

19 taxable income and a tax due and owing for the calendar year 2002,

20 within the Southern District of California and elsewhere, did

21 willfully attempt to evade and defeat this income tax due and owing

22 by them to the United States by committing the following affirmative

23 acts of evasion, among others, the likely effect of each of which

24 would be to mislead or conceal their true and correct income and tax

25 due thereon from proper officers of the United States:

26        a.   On or about November 7, 2001, defendant SALEH MAHMOUD

27 ZAHRAN provided false statements to IRS special agents when he denied

28 any ownership of Akel Business Services.

<center>30</center>

1          b.   On numerous occasions during 2002, defendants SALEH

2   MAHMOUD ZAHRAN and MAYSA AHMAD HASON caused gross receipts of Akel

3   Business Services aka Silva Bookkeeping and Tax Service and income tax

4   refunds to be deposited into numerous bank accounts held in alias and

5   fictitious names under fraudulently obtained SSNs.   These bank

6   accounts, among others, include the following:

7               (1)   Wells Fargo Bank Account xxxx-xxx613, a checking

8   account in the names of Mahmud Saleh Akel and Missa Ahmad Akel.

9               (2)   Wells Fargo Bank Account xxxx-xxx373, a checking

10  account in the name of Missa Ahmad Akel.

11              (3)   Wells Fargo Bank Account xxxx-xxx629, a checking

12  account in the name of Mausa Ahmad Abide.

13              (3)   Wells Fargo Bank Account xxxx-xxx639, a checking

14  account in the names of defendant SALEH MAHMOUD ZAHRAN and his mother,

15  Zinab Akel.

16              (4)   Bank of America Account xxxxx-xx277, a checking

17  account in the name of Mahmoud Saleh Akel dba Silva Bookkeeping and

18  Tax Services.

19              (5)   Bank of America Account xxxx-xxx518, a checking

20  account in the names of defendant SALEH MAHMOUD ZAHRAN's sister Suad

21  Akel, and his mother's alias, Zeinb Akel.

22          c.   On or about April 15, 2003, defendants SALEH MAHMOUD

23  ZAHRAN and MAYSA AHMAD HASON e-filed a 2002 U.S. Individual Income Tax

24  Return (Form 1040A) that falsely represented the character of their

25  income, and substantially understated the amount of their taxable

26  income and tax due for the year 2001.

27  //

28  //

31

1    d.   On or about March 4, 2004, defendant SALEH MAHMOUD
2  ZAHRAN provided false statements to IRS special agents when he stated
3  that Missa Akel, who was then listed as the sole owner of his
4  residence, was a cousin who resides in Israel.
5  All in violation of Title 26, United States Code, Section 7201, and
6  Title 18, United States Code, Section 2.

7                        Count 30

8              INCOME TAX EVASION - 2003
                  [26 U.S.C. § 7201]
9

10    70.   The Introductory Allegations contained at paragraphs 1 to
11  12 above are hereby re-alleged and restated.

12    71.   On or about April 15, 2004, defendants SALEH MAHMOUD ZAHRAN
13  and MAYSA AHMAD HASON, well-knowing and believing that they had
14  taxable income and a tax due and owing for the calendar year 2003,
15  within the Southern District of California and elsewhere, did
16  willfully attempt to evade and defeat this income tax due and owing
17  by them to the United States by committing the following affirmative
18  acts of evasion, among others, the likely effect of each off which
19  would be to mislead or conceal their true and correct income and tax
20  due thereon from proper officers of the United States:

21    a.   On or about November 7, 2001, defendant SALEH MAHMOUD
22  ZAHRAN provided false statements to IRS special agents when he denied
23  any ownership of Akel Business Services.
24  //
25  //
26  //
27  //
28  //

1    b. On numerous occasions during 2003, defendants SALEH

2 MAHMOUD ZAHRAN and MAYSA AHMAD HASON caused gross receipts of Akel

3 Business Services aka Silva Bookkeeping and Tax Service to be

4 deposited into numerous bank accounts held in alias and fictitious

5 names under fraudulently obtained SSNs.  These bank accounts, among

6 others, include the following:

7    (1) Wells Fargo Bank Account xxxx-xxx613, a checking

8 account in the names of Mahmud Saleh Akel and Missa Ahmad Akel.

9    (2) Wells Fargo Bank Account xxxx-xxx373, a checking

10 account in the name of Missa Ahmad Akel.

11    (3) Bank of America Account xxxxx-xx277, a checking

12 account in the name of Mahmoud Saleh Akel dba Silva Bookkeeping and

13 Tax Services.

14    (4) Bank of America Account xxxx-xxx518, a checking

15 account in the names of defendant SALEH MAHMOUD ZAHRAN's sister, Suad

16 Akel, and his mother's alias, Zeinb Akel.

17    (5) Bank of America Account xxxx-xxx142, a checking

18 account in the name of Mahmoud Saleh Akel.

19    c. On or about March 4, 2004, defendant SALEH MAHMOUD

20 ZAHRAN provided false statements to IRS special agents when he stated

21 that Missa Akel, who was then listed as the sole owner of his

22 residence, was a cousin who resides in Israel.

23    d. On or about March 10, 2003, defendant SALEH MAHMOUD

24 ZAHRAN converted Akel Business Services aka Akel Business Services

25 from a sole proprietorship to a 4-member partnership that purportedly

26 included defendant SALEH MAHMOUD ZAHRAN's sister, Suad Akel, who

27 resided in Israel.

28 //

1     e.   On or about April 15, 2004, defendants SALEH MAHMOUD

2 ZAHRAN and MAYSA AHMAD HASON e-filed a false 2003 U.S. Individual

3 Income Tax Return (Form 1040) that falsely represented the character

4 of their income, and substantially understated their taxable income,

5 and tax due for the year 2003.

6     f.   On or about April 17, 2004, defendant SALEH MAHMOUD

7 ZAHRAN filed a 2003 U.S. Return of Partnership Income (Form 1065) for

8 Akel Business Services, that substantially understated total income

9 and the partnership distributive share allocable to defendant SALEH

10 MAHMOUD ZAHRAN.

11 All in violation of Title 26, United States Code, Section 7201, and

12 Title 18, United States Code, Section 2.

13                          Count 31

14                 INCOME TAX EVASION - 2004
                      [26 U.S.C. § 7201]
15

16     72.  The Introductory Allegations contained at paragraphs 1 to

17 12 above are hereby re-alleged and restated.

18     73.  On or about April 15, 2005, defendants SALEH MAHMOUD ZAHRAN

19 and MAYSA AHMAD HASON, well-knowing and believing that they had

20 taxable income and a tax due and owing for the calendar year 2004,

21 within the Southern District of California and elsewhere, did

22 willfully attempt to evade and defeat this income tax due and owing

23 by them to the United States by committing the following affirmative

24 acts of evasion, among others, the likely effect of each of which

25 //

26 //

27 //

28 //

34

1 would be to mislead or conceal their true and correct income and tax

2 due thereon from proper officers of the United States:

3       a.  On or about November 7, 2001, defendant SALEH MAHMOUD

4 ZAHRAN provided false statements to IRS special agents when he denied

5 any ownership of Akel Business Services.

6       b.  On or about March 4, 2004, defendant SALEH MAHMOUD

7 ZAHRAN provided false statements to IRS special agents when he stated

8 that Missa Akel, who was then listed as the sole owner of his

9 residence, was a cousin who resides in Israel.

10       c.  On numerous occasions during 2004, defendants SALEH

11 MAHMOUD ZAHRAN and MAYSA AHMAD HASON caused gross receipts of Akel

12 Business Services and Silva Bookkeeping and Tax Service to be

13 deposited into numerous bank accounts held in alias and fictitious

14 names under fraudulently obtained SSNs.  These bank accounts, among

15 others, include the following:

16       (1)  Wells Fargo Bank Account xxxx-xxx613, a checking

17 account in the names of Mahmud Saleh Akel and Missa Ahmad Akel.

18       (2)  Wells Fargo Bank Account xxxx-xxx373, a checking

19 account in the name of Missa Ahmad Akel.

20       (3)  Wells Fargo Bank Account xxxx-xxx629, a checking

21 account in the name of Mausa Ahmad Abide.

22       (4)  Wells Fargo Bank Account xxxx-xxx639, a checking

23 account in the names of defendant SALEH MAHMOUD ZAHRAN and his mother,

24 Zinab Akel.

25       (5)  Bank of America Account xxxxx-xx277, a checking

26 account in the name of Mahmoud Saleh Akel dba Silva Bookkeeping and

27 Tax Services.

28 //

1          (6).  Bank of America Account xxxx-xxx518, a checking

2 account in the names of defendant SALEH MAHMOUD ZAHRAN's sister, Suad

3 Akel, and his mother's alias, Zeinb Akel.

4          d.   On or about April 15, 2005, defendant SALEH MAHMOUD

5 ZAHRAN filed a 2004 U.S. Return of Partnership Income (Form 1065) for

6 Akel Business Services, that substantially understated total income

7 and the partnership distributive share allocable to defendant SALEH

8 MAHMOUD ZAHRAN.

9          e.   On or about April 15, 2005, defendants SALEH MAHMOUD

10 ZAHRAN and MAYSA AHMAD HASON e-filed a 2004 U.S. Individual Income Tax

11 Return (Form 1040) that substantially understated their taxable

12 income, and tax due for the year 2004.

13 All in violation of Title 26, United States Code, Section 7201, and

14 Title 18, United States Code, Section 2.

15     DATED: February 13, 2007.

16                                   A TRUE BILL:

17

18                                   _Ellen M. Bach_
                                     Foreperson

19

20 CAROL C. LAM
   United States Attorney

21

22 By: _____
        TIMOTHY F. SALEL
23      Assistant U.S. Attorney

24

25

26

27

28