# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEH MAHMOUD ZAHRAN, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case Nos. 07cr0332 DMS <br> 09cr4126 DMS <br> 16cv0753 DMS <br> 16cv0755 DMS <br><br> **ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

This case returns to the Court on Petitioner Saleh Mahmoud Zahran's motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. The Government filed a response to the motion on September 23, 2016. Petitioner filed a reply to the Government's response on January 18, 2017. For the reasons set out below, the motion is denied.

## I.
## BACKGROUND

On December 11, 2008, the Government filed First Superseding Indictment against Petitioner Saleh Mahmoud Zahran alleging thirty-two criminal counts: one count of conspiracy to defraud the United States with respect to claims, six counts of false, fictitious, or fraudulent claims, six counts of use of a social security number obtained on false information, four counts of fraudulent use of the social

security number of another person, four counts of aggravated identity theft, three counts of false statements, and eight counts of income tax evasion. On November 13, 2009, the Government filed another Indictment against Petitioner with two counts of witness tampering. The Court consolidated the two cases on February 12, 2010, for purpose of trial.

The case proceeded to trial on February 22, 2010. The jury returned its verdict on March 4, 2010. Petitioner was convicted on every count except the two counts dismissed by the Government.

In July 2010, Jan Ronis was relieved as Petitioner's counsel, and John Lanahan substituted in to represent Petitioner.

On April 12, 2011, the Court sentenced Petitioner to a prison term of 132 months with three years of supervised release. Petitioner is currently in federal custody at Taft Correctional Institution and has been continuously incarcerated since October 2009.

Petitioner appealed his conviction to the Ninth Circuit, which affirmed his conviction in an unpublished opinion.

## II.
## DISCUSSION

In the present motion, Petitioner argues he received ineffective assistance of counsel in violation of the Sixth Amendment. An attorney's representation violates the Sixth Amendment right to counsel if two factors are met. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, the attorney's representation must fall below an objective standard of reasonableness. *Id.* at 688. Second, there must be prejudice, *i.e.*, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694.

Here, Petitioner argues his trial counsel Mr. Ronis was ineffective in (1) failing to timely and accurately communicate plea offers from the Government; (2) allowing a conflict of interest; and (3) failing to competently defend Petitioner at

trial. Petitioner also argues his post-trial counsel Mr. Lanahan was ineffective in (4) failing to prepare and prosecute the motion to reconsider the restitution order and (5) failing to file a motion for new trial and a motion for acquittal on the ground of ineffective assistance of trial counsel. None of these allegations satisfy the *Strickland* test.

**A. Ineffective Assistance of Trial Counsel**

As stated above, Petitioner argues his trial counsel was ineffective in failing to communicate plea offers, allowing a conflict of interest, and failing to competently defend Petitioner at trial. These allegations are addressed below.

*(1) Failing to Communicate the Plea Offers*

Counsel's failure to communicate an offer of a plea agreement to a client constitutes unreasonable conduct under prevailing professional standards. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). If there is a reasonable probability that but for counsel's failure of communication, the defendant would have accepted the plea offer, this failure constitutes ineffective assistance of counsel.

Here, Petitioner suggests the Government made him two offers, one for 24 months and another for 57 months, and that his trial counsel failed to communicate either of those offers to him. The Government denies the existence of a 24-month plea offer and also disputes Petitioner's assertion that Mr. Ronis failed to convey the 57-month offer.[1]

a. The 24-Month Offer.

Petitioner first alleges his trial counsel was ineffective for failing to convey

---

[1] Petitioner requests an evidentiary hearing on this claim. An evidentiary hearing is required if the petitioner has (1) alleged specific facts in the motion, which if true, would entitle the petitioner to relief; (2) the petition, files, and records of the case do not conclusively show the petitioner is not entitled to relief. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Here, Petitioner has alleged specific facts, which if true, would entitle him to relief. Specifically, he has alleged his attorney failed to communicate two plea offers to him, and that he would have accepted those offers if he would have known about them. However, for the reasons set out below, the record in this case conclusively shows Petitioner is not entitled to relief. Accordingly, his request for an evidentiary hearing is denied.

an offer of 24 months. Specifically, Petitioner claims Gretchen Von Helms, who represented Petitioner's wife, told him there was a 24-month plea offer, and Mr. Ronis failed to convey that offer to him.

As an initial matter, except for Petitioner's self-serving allegations in his motion that there was a 24-month offer, there is no credible evidence to support the existence of such an offer. Indeed, all of the evidence refutes the existence of such an offer. Toni Haas, the IRS Special Agent in charge of this case, states in a declaration in support of the Government's response to the present motion, "In all of the discussions that Assistant U.S. Attorney Salel and I had with each other or defense counsel to resolve the case against Zahran, there were never any discussions of a plea offer of 24 months." (Resp. to Mot., Ex. 1, (Decl. of Toni Haas ¶ 113).) Mr. Ronis states, "The government never presented another plea offer that recommended anything less than 57 months in custody for Zahran." (Resp. to Mot., Ex. 2, (Decl. of Jan Ronis ¶ 11).) Ms. Von Helms also states, "I never told Zahran that the Government agreed to present a plea agreement with a recommendation of 24 months in custody." (Resp. to Mot., Ex. 3, (Decl. of Gretchen Von Helms ¶ 13).) Furthermore, it begs common sense that Petitioner, who was very involved in his defense and his appeals, simply sat back and waited to hear from Mr. Ronis after Ms. Von Helms notified him of the 24-month plea offer. *See Shah v. United States,* 878 F.2d 1156, 1159 (9th Cir.1989) (stating judge may use common sense in deciding whether allegations of off the record events are credible). If Petitioner was as interested in the alleged offer as he now claims to be, he should have contacted Mr. Ronis himself to follow up, not simply waited to hear about the offer from Mr. Ronis. It is also impossible to believe that Petitioner did not raise this issue at some point during his lengthy court proceedings. *See Watts v. United States*, 841 F.2d 275 (9th Cir. 1988) (finding defendant's allegation impossible in light of record). Similar to the situation in *Watts,* Petitioner's "earlier silence refutes his present allegations." Accordingly, this argument does not warrant granting the motion.

  b. The 57-Month Offer

  Next, Petitioner asserts the Government offered him 57 months, but Mr. Ronis failed to convey that offer. Unlike with the 24-month offer, the Government does not dispute there was a 57-month offer in this case. However, it does dispute Mr. Ronis failed to convey that offer to Petitioner. Specifically, Mr. Ronis states he discussed this offer with Petitioner "on multiple occasions" and recommended Petitioner accept this offer "because of the overwhelming amount of evidence," but Petitioner "repeatedly rejected the Government's 57-month plea offer and told me that he did not have anything to do with the fraud schemes." (Resp. to Mot., Ex. 2, (Decl. of Jan Ronis ¶ 11).) This testimony clearly refutes Petitioner's allegation that his trial counsel failed to convey this offer. Indeed, at various points in his motion, Petitioner admits he was aware of this offer. (Mem. of P. & A. in Supp. of Mot. at 16-17.) Furthermore, it begs common sense that Petitioner simply remained silent on this issue through the court proceedings and after he retained a new post-trial attorney, if he believed he missed the chance of accepting the plea offer due to his trial counsel's failure. Absent a showing that trial counsel failed to convey the 57-month offer, this allegation does not warrant any relief.

  *(2) Conflict of Interest*

  Petitioner argues Mr. Ronis provided ineffective assistance by representing him despite having a conflict of interest. Specifically, Petitioner asserts Mr. Ronis had a conflict because his wife Gretchen Von Helms represented Petitioner's wife, who was a co-defendant in this case. Mr. Ronis and Ms. Von Helms share the same office space but have separate practices. The records show that Ms. Von Helms and Mr. Ronis specially appeared for each other in this case. Petitioner argues it was joint representation. He further claims Ms. Von Helms only negotiated a favorable plea offer for his wife while his offer got revoked because of the conflict of interest.

  First, there was no joint representation in this case. According to Federal Rule of Criminal Procedure 44, joint representation occurs when two or more defendants

who have been jointly charged are "represented by the same counsel, or counsel who are associated in law practice." Here, Mr. Ronis and Ms. Von Helms have separate law practices. The fact that they share the same office space does not mean they are associated in the practice. Furthermore, the special appearances that Ms. Von Helms made for Mr. Ronis do not establish any attorney-client relationship between Ms. Von Helms and Petitioner. Petitioner and his wife were separately represented by Mr. Ronis and Ms. Von Helms, respectively.

Furthermore, there was no conflict of interest. In *Willis v. United States*, 614 F.2d 1200 (9th Cir. 1979), the court required "a factual showing on the record that a conflict existed." *Id*. at 1203. It also held "the trial court 'must be able . . . to rely upon counsel's representation that the possibility of such a conflict does or does not exist.'" *Id*. at 1206. In the present case, there was no factual showing on the record to suggest an actual conflict existed. Both Mr. Ronis and Ms. Von Helms state they attempted to resolve the case for their respective clients on favorable terms. (*See* Resp. to Mot., Exs, 2-3, (Decl. of Jan Ronis ¶ 8), (Decl. of Gretchen Von Helms ¶ 9).) The fact that Ms. Von Helms was able to resolve the case for Petitioner's wife on favorable terms does not demonstrate there was a conflict of interest. Accordingly, this claim is rejected.

*(3) Competent Defense at Trial*

Petitioner argues Mr. Ronis did not competently defend him at trial. First, Petitioner claims Mr. Ronis failed to investigate and present the existence of additional loans and expenses for the purpose of determining taxable income. Petitioner argues Mr. Ronis should have called certain witnesses to testify and a forensic accountant to prepare the record. Petitioner also submits credit card records, bank records, tax return records, and self-prepared lists of income to support his claim. Second, Petitioner claims Mr. Ronis failed to prove the false tax returns were prepared by an alleged former partner "Jamil Malough." Furthermore, Petitioner claims Mr. Ronis failed to impeach the credibility of a key witness, Sal Silva, in the

witness tampering charge. Petitioner argues Mr. Ronis should have called certain witnesses to refute Mr. Silva's testimony and present his history of making false statements.

The Government states nearly all the financial records submitted by Petitioner in the Exhibits are either already known to the IRS or not helpful in determining the accurate taxable income. (*See* Resp. to Mot., Ex.1, (Decl. of Toni Haas at 1-11).) The Government also provides Mr. Ronis's declaration, within which he explains the reasons why he decided not to retain a forensic accountant and not to subpoena certain witnesses. (*See* Resp. to Mot., Ex.2, (Decl. of Jan Ronis at 5-8).)

The decision of whether to subpoena certain witnesses or experts "rests upon the sound professional judgment of the trial lawyer," *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980), who can "formulate a strategy that was reasonable at the time." *Harrington v. Richter*, 562 U.S. 86, 107 (2011). Mr. Ronis's failure to have witnesses and a forensic accountant to prove alleged additional loans and expenses does not amount to ineffective assistance of counsel. Petitioner failed to show that Mr. Ronis's decisions are below an objective standard of reasonableness. Not to have a forensic accountant was not an unreasonable decision at the time after Mr. Ronis considered the factors including the resources, the status of the record, and the Government's analysis of the record. (*See* Resp. to Mot., Ex.2, (Decl. of Jan Ronis at 5-6).) It is also a reasonable strategy that Mr. Ronis chose not to subpoena certain witnesses when these witnesses were not identified at the time and could have been counterproductive by opening doors to negative areas. (*Id*. at 7.)

Moreover, Petitioner has failed to show prejudice. The Government thoroughly considered the credit card records submitted by Petitioner in the Exhibits. Extra tax return records and self-made lists have no value in assessing Petitioner's accurate taxable income. Therefore, Petitioner failed to prove a different tactical decision would likely lead to another outcome.

Similarly, Mr. Ronis's failure of proving the existence and wrongdoing of

"Jamil Malough" does not constitute ineffective assistance of counsel. Mr. Ronis states he did not subpoena "Jamil Malough" or any witness to prove the existence of this person because he learned about this name for the first time at trial. (*Id.*) The Court's recollection also confirms this point. Moreover, Ms. Haas states Petitioner never mentioned this person during the interviews in 2002 and 2004. (*See* Resp. to Mot., Ex.1, (Decl. of Toni Haas at 33-34).) Ms. Haas further declares she has searched but did not find any record relating to "Jamil Malough" in the IRS system or in the evidence seized from the search of Petitioner's business, residence, and vehicles. (*Id.* at 34.) All of the evidence suggests there was simply no basis for Mr. Ronis to defend Petitioner on this ground.

Likewise, Mr. Ronis was not ineffective in impeaching Mr. Silva's credibility. Mr. Ronis reasonably decided not to call witnesses who were either irrelevant to the case or could be counterproductive. (*See* Resp. to Mot., Ex.2, (Decl. of Jan Ronis at 7-8).) Accordingly, this claim does not entitle Petitioner to any relief.

**B.     Ineffective Assistance of Post-Trial Counsel**

*(1) Motion to Reconsider Restitution Order*

Petitioner claims his post-trial counsel Mr. Lanahan failed to prepare a motion for reconsideration of the restitution order. However, here again, the records directly contradict Petitioner's allegation. On January 21, 2013, Mr. Lanahan filed the Motion for Reconsideration of Court's Summary Denial of Restitution Hearing and Restitution Order of November 15, 2012, which resulted in a hearing on June 27, 2013. After the Court re-imposed restitution in the same amount, on March 12, 2014, Mr. Lanahan filed the Motion to Reconsider Order Affirming Restitution Order and Respond to Set Restitution Schedule, which was denied by the court on March 26, 2014. Mr. Lanahan further appealed the restitution order to the Ninth Circuit, which was denied in an unpublished opinion. This record of motions and appeal with extensive briefing from both sides refutes this claim.

///

*(2) Motion for a New Trial and Motion for Acquittal*

Finally, Petitioner argues Mr. Lanahan failed to file a motion for a new trial and motion for acquittal to raise the issue of ineffective assistance of counsel and submit the evidence that Mr. Ronis should have presented. However, as discussed previously, Petitioner has not shown Mr. Ronis was ineffective in failing to present such evidence. Therefore, even if Mr. Lanahan filed the motions with the evidence, there is not a reasonable probability that the result of the proceedings would have been different. Petitioner fails to show prejudice caused by Mr. Lanahan's failure to file a motion for a new trial and motion for acquittal.

### III.
### CONCLUSION

For these reasons, the Court denies Petitioner's motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: September 28, 2017

Hon. Dana M. Sabraw
United States District Judge